## CIRCUIT COURT OF HENRICO COUNTY

Ida C. Pritchard

v.

J. W. Pritchard

June 5, 1978

Case No. 76C147

By JUDGE E. BALLARD BAKER

The primary issue appears to be whether Section 8.01-460 allows the Court to provide that the support order constitutes, on being docketed "a lien on the real estate of the defendant . . ."

Prior to October 1977, Sections 8-386 and 8-388 provided that decrees for alimony and child support were, when docketed, liens on the real estate of the obligor unless the Court provided otherwise. The Court could designate the real estate upon which the lien applied.

Section 8.01-460 provides that a support decree:

> shall be a lien upon such real estate of the obligor as the court shall, from time to time, designate by order or decree. An order after reasonable notice to the obligor adjudicating that the obligor is delinquent, shall be a lien on the obligor's real estate . . . . On petition by any interested person and after reasonable notice to the obligee, the Court in which the obligor was adjudicated delinquent may order the release or other modification of such lien.

The Revisers' Note says this changes Section 8-388 so that the lien arises only after the finding of delinquency and docketing. The CLE publication of 1977 Changes to Title 8 gives a somewhat different interpretation, indicating that if specifically stated in the decree the support order is a lien even though there is no delinquency.

I incline to agree with the Revisers' Note.

The first sentence of Section 8.01-460 refers to a support order being a lien "upon such real estate. . . as the court shall, from time to time, designate . . ." This seems to relate to identification of the real estate.

The second sentence speaks only of a lien after delinquency.

The fourth sentence deals with the release of "such lien." This must mean such lien as created by Section 8.01-460. This sentence only provides for release of a lien by the Court "in which the obligor was adjudicated delinquent . . ."

It seems rather strange that the sections would create a lien as to future support as well as to delinquent support and provide a way to release the lien as to the delinquency but not as to the future support.

It can also be argued that if a lien is created as to future support, whether paid or not, what is the need for expressly providing for a lien in the event support is not paid.

In my view, the statute limits the lien to an order of delinquency and requires the Court to designate the real estate. Where there is no delinquency, there can be no lien.

If a delinquency exists, then there can be a lien on designated real estate. Whether the lien is limited to the amount of the delinquency or as to future payments is not clear. In this case that point is not being decided. The representation is that the delinquent amount was paid "following the Court hearing . . ." of March 27. I am also not satisfied that the real estate on which any judgment would be a lien is properly designated. Under these circumstances, there will be no reference in this order to a lien.

The order will state the $195.00 delinquency as of March 27, and will also contain the provision (stated

from the bench) that support will be reduced to $50.00 per week after payment to Mrs. Pritchard of her share of the Bank of Virginia stock and the trailer.

By this letter, it is noted that Mr. Pritchard contends the delinquent $195.00 has been paid, as well as $2,310.85, this alleged as being her share of the Bank stock and trailer. This was by check with letter of Mr. Beaver of May 17, 1978.